Juan Ramon Flores-Vivanco #28557-078
F.C.I. Mendota
P.O. Box 9
Mendota CA 93640



UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Juan Ramon Flores-Vivanco, Petitioner/Defendant | Case No. 4:19-CR-00088-SDJ-KP |
| v. | |
| United states of America, Respondent | MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 3583(c)(2) (Amendment 821) |

COMES NOW, the Petitioner, Pro-Se, making the following statements in support of this motion.

1. JURISDICTION

Petitioner asserts that this Honorable Court has the jurisdiction to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed with out specific authorization." McMillan v. United States, 257 F. App'x 477, 479(3rd Cir. 2007); See also Dillon v. United States, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)("A federal court generally may not modify a term of imprisonment once it has been imposed.") The First step Act's Amendment to 18 U.S.C. § 3582 provides an example of such a specific authorization.

Section 3582(c)(2) authorizes district courts to reduce the

1

sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after considering the factors set forth in Section 3553(a), to the extent that they are applicable. The statute imposes certain restrictions on the district court's discretion, allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," of if it was subsequently made retroactive. 28 U.S.C. § 994(n).

Upon a motion from the defendant or the Director of the Bureau of Prisons, or on it's own motion, the court my reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable statements issued by the Sentencing Commission.

## 2. ARGUMENT

Petitioner is a Immigrant that does not speak the English language, Petitioners is Spanish speaking and does not read or write in English. Petitioner has had help drafting this motion and the translation of it. Because Petitioner can not read or write in English, Petitioner can not obtain the proper information to completely fill out this motion. All the information that is needed to properly fill out this motion is contained within the PSR/PSI of Petitioner. The B.O.P. has made it so another inmate can not read the PSR/PSI of another inmate for security reasons and Petitioner can not have the PSR/PSI within his possession.

Petitioner is a first time offender and is a Zero-Point Offender. On or about August 24, 2023 the United states Sentencing Commission passed and/or created Section 4C1.1. This amended the "Zero-Point Offender's" offense levels by 2 points and applied it retroactively. Petitioner has went over the 10 point criteria with the help of another inmate translating for him, Petitioner believes he is eligible for this 2 point reduction of offense level points.

Petitioner has completed a number of evidence base recidivism reduction programs. Petitioner has made grate efforts to make rehabilitation efforts. Petitioner has attached his program review and the classes he has taken. Please see Attached "Rehabilitation Efforts."

### 3. RELIEF SOUGHT

Petitioner seeks sentence reduction pursuant to Amendment 821. Petitioner believes he fits this small class of individuals. Pursuant to 18 U.S.C. § 3006A, the Federal Defender's Office can represent all inmates potentially eligible for sentence reduction under Amendment 821 to the Sentencing Guidelines for the limited purpose of screening cases, assessing eligibility for relief, and notifying the defendant or their counsel of the status of their cases. Petitioner respectfully ask's this Honorable Court to point counsel.

### 4. CONCLUSION

Petitioner has made a number of steps towards rehabilitation and has met the TEN point criteria listed in the NEW U.S.S.G.

4C1.1 for Zero-Point Offender's. Petitioner4 can not properly obtain the information needed to properly completes this motion. Petitioner prays that this Honorable Court will review this case and schedule an evidentiary hearing and appoint counsel under 18 U.S.C. 3006A.

   Petitioner respectfully submits this motion to this Honorable Court and hopes for the consideration of this Honorable Court.

Juan Ramon Flores Vivanco
Signature

12-6-23
Date